# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

LATOYA THOMAS                                                                PLAINTIFF

v.                                  No. 4:13-cv-575-DPM

CROTHALL HEALTHCARE INC.;
MARK CROWDER; GREGORY MILLER;
and DAVE SUBIN                                                              DEFENDANTS

## ORDER

Motion to remand, № 9, denied. Thomas's retaliation claim against Crowder and Miller, the two non-diverse defendants, fails on its face because Thomas does not allege any retaliatory conduct by Crowder and Miller *after* Thomas went to the EEOC — the alleged protected activity. *Compare* № 2 ¶¶ 3-8 *with* № 2 ¶ 11. Because there's no reasonable basis in fact and law supporting Crowder's or Miller's liability to Thomas, their presence in the case doesn't defeat diversity jurisdiction. *Filla v. Norfolk Southern Railway Co.*, 336 F.3d 806, 810 (8th Cir. 2003). The service/removal procedure issues as to them drop out. The Court considered both unserved defendants in its analysis; they were fraudulently joined. Thomas's claims against Crowder and Miller are dismissed without prejudice. *Block v. Toyota Motor Corp.*, 665

F.3d 944, 947-48 (8th Cir. 2011). The passing request for an opportunity to amend would not, if granted, change the jurisdictional analysis: this Court's removal jurisdiction is measured by the complaint pending in state court at removal. *Standard Fire Insurance Co. v. Knowles*, 133 S.Ct. 1345, 1349 (2013). Any amendment eventually proposed that would destroy diversity will be considered under the governing law. 28 U.S.C. § 1447(e) & FED. R. CIV. P. 19(b).

The Court has diversity jurisdiction over this case. Motion to extend the Rule 26(f) report deadline, № 12, granted. The Court thanks Thomas for her report, № 18. Joint report due by 5 December 2013. Crowder's and Miller's motion to dismiss, № 15, denied as moot.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

26 November 2013